IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ANTONIO MOORE (# L0149)**                                                       **PLAINTIFF**

**v.**                                                                                          **No. 3:07CV56-M-A**

**KEVIN THOMAS, ET AL.**                                                       **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Antonio Moore, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff alleges that the defendants have wrongfully found him guilty of prison rule violation report # MCCF 091133, assaulting Officer Charlotte Pegues in the dining area by shoving her. As punishment for the rule violation report, the plaintiff was placed in isolation for sixteen days (with nine days to serve) – and thirty days loss of canteen privileges.[1] As a result of the rule violation, the plaintiff has had difficulty in obtaining more favorable prison job and housing assignments.

### *Sandin*

Under the Supreme Court's holding in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the plaintiff has not stated a claim under the Due Process Clause or

---

[1] The punishment the plaintiff received was not set forth in the incomplete rule violation report form the plaintiff submitted with his complaint. Upon the court's request, the Mississippi Department of Corrections provided the completed form, which is attached to this memorandum opinion as Exhibit "A."

any other constitutional provision. A state "may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case the plaintiff's punishment – sixteen days of isolation and thirty days loss of commissary privileges – is substantially less than that discussed in *Sandin*. Certainly the plaintiff's punishment did not impose any "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). As such, this case must be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 17th day of May, 2007.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**